IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

WILLIAM McMICHAEL,

    Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE,

    Defendant.

Case No. _____

## COMPLAINT

Plaintiff William McMichael, by and through his undersigned counsel, brings this action against the United States Department of Justice (the "DOJ"), and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), for injunctive and other appropriate relief, seeking the disclosure and release of agency records about the investigation of the theft and subsequent laundering of the crown jewels of the Royal Family of Hesse, Germany by U.S. servicemen.  The DOJ and its component, the Federal Bureau of Investigation ("FBI") (collectively, "Defendant"), improperly withheld these records from author and journalist William McMichael ("Plaintiff").  The FBI repeatedly violated FOIA when, in response to Plaintiff's FOIA requests, it failed to make a timely determination of his FOIA requests or notify him of any administrative right to appeal, thereby improperly withholding agency records to which he was entitled.  Accordingly, the FBI has failed to comply with the FOIA.

## PARTIES

2. Plaintiff is a researcher, journalist, and book author who resides in New Castle, Delaware, in the judicial district embraced by the U.S. District Court for the District of

Delaware.  His prior work includes the book, *The Mother of All Hooks: The Story of the U.S. Navy's Tailhook Scandal*, as well as many news stories on state and federal civil and military court criminal justice matters written as a member of the Press for the Tribune Company; Gannett Co. newspapers, including The News Journal of Wilmington, Delaware; the ABA Journal of the American Bar Association; the Associated Press (AP); the Chicago Tribune; and the Boston Globe.

3. The Defendant is a department of the executive branch of the United States Government, and includes the component entity the FBI.  The Defendant is an "agency" within the meaning of 5 U.S.C. § 552(f).

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B).  This court also has jurisdiction over this action under the general federal question statute, 28 U.S.C. § 1331.

5. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## TIMELY COMMENCEMENT OF CIVIL ACTION

6. Plaintiff timely pursues his claims in this civil action within the six-year statute of limitations. 28 U.S.C. § 2401(a).

## STATUTORY BACKGROUND

7. FOIA encourages an informed citizenry by authorizing access to federal agency records.

8. Once a FOIA request for records has been made, an agency has twenty (20) working days to determine whether to comply with the request.  5 U.S.C. § 552(a)(6)(A)(i).

9. If the agency decides not to disclose some or all documents requested, it must immediately notify the records requestor of the reasons for the denial and of the requester's right to appeal any adverse determination. *Id.*

10. Only in "unusual circumstances" may an agency delay its response to a FOIA request, but such delay may not exceed an additional ten working days beyond the initial 20-day period. 5 U.S.C. § 552(a)(6)(B).

11. "Unusual circumstances" exclude the need to process large numbers of requests, insufficient staff or funding, or the disorganization of records.

12. If the agency fails to comply with the time limits enumerated in 5 U.S.C. § 552(a)(6)(A)(i), FOIA deems the records requestor to have exhausted his administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

## STATEMENT OF FACTS

13. On October 27, 2017, Plaintiff filed FOIA Request 1388114-000 (the "FOIA Request"). Generally, it requested the FBI's files related to the investigation of the theft and laundering of the Hesse crown jewels.

14. On or about November 27, 2017, the FBI informed Plaintiff that they located approximately 7,250 pages of potentially responsive documents.

15. After discussions with Defendant, Plaintiff agreed to sub-track the FOIA Request, which would allow the Defendant to produce documents in batches, the first of which contained 936 pages.

16. On or about December 13, 2017, Defendant informed Plaintiff that the FOIA Request would be assigned for processing in "a couple of months."

17. The Plaintiff agreed to this limited scope on the understanding that in return for agreeing to doing so, his request would be prioritized over normal requests of this size and that the Defendant would act more expeditiously.

18. Upon a follow-up inquiry in February 2018, Plaintiff was informed by Defendant that the FOIA Request had still not been assigned and would likely not be processed until November 2018 at the earliest.

19. Plaintiff exhausted his administrative remedies for the FOIA Request when the FBI failed to comply with FOIA's 20-working day time limit provision. 5 U.S.C. § 552(a)(6)(C).

20. As of the time of filing this complaint, the FBI has *still* not assigned the FOIA Request or provided the records requested by Plaintiff.

21. The FBI has wrongfully withheld the requested records from Plaintiff.

## CLAIM FOR RELIEF

### COUNT I
### FBI – Violation of FOIA (Improper Withholding of Agency Records)

22. Plaintiff restates and incorporates by reference the allegations set forth in paragraphs 1-21 above as if fully repeated here.

23. The FBI is an executive branch "agency" within the meaning of FOIA.

24. The FBI investigation records related to the theft of the Hesse Crown Jewels are "agency records" within the meaning of FOIA.

25. The investigation files are in the FBI's possession or custody and control.

26. The FBI has improperly withheld the responsive records from Plaintiff.

27. The FBI has violated FOIA by failing to disclose records responsive to Plaintiff's FOIA Request, to which Plaintiff is statutorily entitled, within the statutory time period for the processing of this request.

28. The FBI has not claimed any applicable FOIA exemption entitles it to categorically withhold the records. 5 U.S.C. § 552(b).

29. The Plaintiff has exhausted his administrative remedies and is therefore entitled to an injunction requiring disclosure of the records requested without payment of fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter its order and judgment:

A. Enjoining and declaring unlawful the FBI's continued withholding of agency records requested under FOIA Request 1388114-000 through the FBI's strategy of untimely responses, failures to notify of administrative rights to appeals, and generally unending delay;

B. Ordering the FBI to promptly produce to Plaintiff all responsive documents to the FOIA Request regarding the FBI's investigation of the theft of the Hesse Crown Jewels, with the waiver of any fees associated with plaintiff's FOIA requests;

C. Granting Plaintiff attorney's fees and costs incurred by Plaintiff in connection with this proceeding as provided by the FOIA fee award provision, 5 U.S.C. § 552(a)(4)(E); and

D. Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Joanna J. Cline*
Joanna J. Cline (DE Bar No. 5873)
Christopher B. Chuff (DE Bar No. 5729)
Ellis E. Herington (DE Bar No. 6489)
PEPPER HAMILTON LLP
1313 N. Market Street, P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500
*clinej@pepperlaw.com*
*chuffc@pepperlaw.com*
*heringtone@pepperlaw.com*

Date: July 3, 2018

*Attorneys for Plaintiff William McMichael*