# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

WILLIAM McMICHAEL,

                    Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE,

                    Defendant.

Civil Action No. 18-997 VAC-CJB

**SUPPLEMENTAL COMPLAINT**

Plaintiff William McMichael ("Plaintiff"), by and through his undersigned

counsel, brings this Supplemental Complaint against the U.S. Department of Justice

("DOJ"), and now pleads three additional claims under the Freedom of Information Act

(FOIA):

**PRELIMINARY STATEMENT**

1.      This is a civil action under FOIA, 5 U.S.C. § 552, for injunctive and other

appropriate relief, seeking the disclosure and release of agency records about the

investigation of the theft and subsequent laundering of the crown jewels of the Royal

Family of Hesse, Germany by U.S. servicemen. The DOJ and its component, the Federal

Bureau of Investigation ("FBI") (collectively, "Defendant"), improperly withheld these

records from author and journalist William McMichael ("Plaintiff"). The FBI repeatedly

violated FOIA when, in response to Plaintiff's FOIA requests, it either failed to make a

timely determination of his FOIA requests or failed to conduct an adequate search for the

1

records, thereby improperly withholding agency records to which he was entitled. Accordingly, the FBI has failed to comply with FOIA.


## PARTIES

2.      Plaintiff is a researcher, journalist, and book author who resides in New Castle, Delaware, in the judicial district embraced by the U.S. District Court for the District of Delaware. His prior work includes the book, *The Mother of All Hooks: The Story of the U.S. Navy's Tailhook Scandal*, as well as many news stories on state and federal civil and military court criminal justice matters written as a member of the Press for the Tribune Company; Gannett Co. newspapers, including The News Journal of Wilmington, Delaware; the ABA Journal of the American Bar Association; the Associated Press (AP); the Chicago Tribune; and the Boston Globe.

3.      The Defendant is a department of the executive branch of the United States Government, and includes the component entities the FBI and OIP. The Defendant is an "agency" within the meaning of 5 U.S.C. § 552(f).

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action under the general federal question statute, 28 U.S.C. § 1331.

5.      Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## TIMELY COMMENCEMENT OF CIVIL ACTION

6.      Plaintiff timely pursues his claims in this civil action within the six-year statute of limitations. 28 U.S.C. § 2401(a).

## STATUTORY BACKGROUND

7.      FOIA encourages an informed citizenry by authorizing access to federal agency

records.

8.      Once a FOIA request for records has been made, an agency has twenty (20)

working days to determine whether to comply with the request. 5 U.S.C. §

552(a)(6)(A)(i).

9.      If the agency decides not to disclose some or all documents requested, it must

immediately notify the records requestor of the reasons for the denial and of the

requester's right to appeal any adverse determination. *Id.*

10.      Only in "unusual circumstances" may an agency delay its response to a FOIA

request, but such delay may not exceed an additional ten working days beyond the initial

20-day period. 5 U.S.C. § 552(a)(6)(B).

11.      "Unusual circumstances" exclude the need to process large numbers of requests,

insufficient staff or funding, or the disorganization of records.

12.      If the agency fails to comply with the time limits enumerated in 5 U.S.C. §

552(a)(6)(A)(i), FOIA deems the records requestor to have exhausted his administrative

remedies. 5 U.S.C. § 552(a)(6)(C)(i).

## STATEMENT OF FACTS

### *FOIPA request 1442999-000 (Zollie Kelman)*

13.      On July 26, 2019, the FBI acknowledged FOIPA request 1442999-000. *See* Ex. 1

(FBI's letter acknowledging receipt of the request).

14.      This request was in support of Plaintiff's ongoing research into the FBI's handling

of the investigation of the theft of the Hesse royal family's stolen jewels.

3

15.     In the request, Plaintiff, who narrowed his search from prior requests, requested FBI records of its investigations of any illegal activities (including interstate fencing of stolen jewels or jewelry) by Zollie Kelman in the Minneapolis-St. Paul, Minnesota, Great Falls, Montana, or Seattle, Washington areas, during the years 1960-2008.

16.     However, since the original Complaint's filing, the FBI has still not determined request 1442999-000, beyond its initial acknowledgment letter.

### *FOIPA request 1454046-000 (Bugsy Siegel)*

17.     On December 4, 2019, Plaintiff properly filed a request seeking reprocessing of identified Bugsy Siegel records posted on the FBI's Vault, which referenced the 1945-46 theft of the Hesse crown jewels.

18.     On December 11, 2019, the FBI acknowledged the request and designated it as FOIPA request 1454046-000. *See* Ex. 2 (FBI's letter acknowledging receipt of the request).

19.     However, since the original Complaint's filing, the FBI has still not determined request 1454046-000, beyond its initial acknowledgment letter.

### *FOIPA request 1388088-000 (Sahara casino, Webb, and Durant)*

20.     On October 27, 2017, Plaintiff requested a "Central Records System search of all main file records and indices; cross-reference search of all records and indices; and an electronic surveillance search for access to and copies of any and all information gathered during the years 1948 through 1974 on the Sahara gambling casino, Las Vegas, and in particular two individuals who worked there and may have been the subject of FBI investigations: Del E. Webb (May 17, 1899-July 4, 1974) and Jack Wybrant Durant (b. Sept. 25, 1909, d. Dec. 19, 1984)."

21.     On October 31, 2017, just four days later, the FBI indicated it had "completed its search for records responsive to your request" and that it was "unable to identify any file records responsive to your request." *See* Ex. 3 (FBI's letter acknowledging receipt of the request and issuing a "no records" response).

22.     Given the age of the records (1948-1974) requested, a more time-consuming manual search would have been necessary to search all main file records and indices; cross-reference searches of all records and indices; and electronic surveillance records.

23.     By letter received by the FBI on November 30, 2017, Plaintiff appealed the no records response to FOIPA request 1388088-000.

24.     The Office of Information Policy assigned the appeal number DOJ-AP-2018-001315, *see* Ex. 4 (OIP's letter acknowledging receipt of the request and issuing a "no records" response), but as of the date of this supplemental complaint has not informed Plaintiff of the appeal's outcome.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

25.     Plaintiff repeats paragraphs 1-24 and incorporates them here by reference.

26.     It has been more than twenty-business days since Plaintiff filed FOIPA request 1442999-000.

27.     It has been more than twenty-business days since Plaintiff filed FOIPA request 145046-000.

28.     It has been more than twenty-business days since Plaintiff appealed FOIPA request 1388088-000 with appeal DOJ-AP-2018-001315.

29.     The DOJ-FBI has still not determined FOIPA request no. 1442999-000.

30.     The DOJ-FBI has still not determined FOIPA request no. 145046-000.

31.     The DOJ-OIP has still not determined appeal DOJ-AP-2018-001315 concerning FOIPA request no. 1388088-000.

32.     Plaintiff has constructively exhausted FOIPA requests 1442999-000 and 145046-000, because DOJ failed to comply with FOIA's 20-day time limit.

33.     Plaintiff has constructively exhausted its appeal DOJ-AP-2018-001315 of FOIPA request no. 1388088-000, because DOJ failed to comply with FOIA's 20-day time limit for deciding appeals.

34.     The FBI never extended its response deadline for the pending requests (up to ten business days) based on any "unusual circumstances" as FOIA permits. *See* 5 U.S.C. § 552(a)(6)(B)(i).

35.     The FBI never gave Plaintiff any written notice indicating that it was extending the response deadlines or provided any notice of unusual circumstances for an extension.

36.     Because the FBI failed to timely determine his requests or assert bases for extension in which to make a determination, Plaintiff is not required to exhaust administrative appeals on requests 1442999-000 and 145046-000.

37.     Similarly, because the FBI failed to timely determine his appeal DOJ-AP-2018-001315, Plaintiff is not required to wait for OIP to decide the appeal before filing suit.

<u>**CLAIM FOR RELIEF**</u>

**COUNT I**

**FBI Violation of FOIA (Untimely Response to FOIPA Request 1442999-000)**

38.     Plaintiff repeats paragraphs 13 through 16 and incorporates them by reference.

39.     Plaintiff requested agency records with FOIPA request 1442999-000.

40.    The FBI failed to make a determination of FOIPA request 1442999-000 within twenty-business days, 5 U.S.C. §552(a)(6)(A)(i).

41.    The FBI's failure to determine FOIPA request 1442999-000 has resulted in the withholding of potentially responsive records without any stated basis for withholding.

42.    The FBI irreparably harms Plaintiff, an author attempting to publish a book, by failing to timely produce the requested material and will continue to irreparably harm him, unless it is compelled to comply with FOIA.

## COUNT II

### FBI Violation of FOIA (Untimely Response to FOIPA Request 1454046-000)

43.    Plaintiff repeats paragraphs 17 through 19 and incorporates them by reference.

44.    Plaintiff requested agency records with FOIPA request 1454046-000.

45.    The FBI failed to make a determination of FOIPA request 1454046-000 within twenty-business days, 5 U.S.C. §552(a)(6)(A)(i).

46.    The FBI's failure to determine FOIPA request 1454046-000 has resulted in the withholding of potentially responsive records without any stated basis for withholding.

47.    The FBI irreparably harms Plaintiff, an author attempting to publish a book, by failing to produce the requested material and will continue to irreparably harm him, unless it is compelled to comply with FOIA.

## COUNT III

### FBI Violation of FOIA (Failure to Conduct a Reasonable Search for FOIPA Request 1454046-000)

48.    Plaintiff repeats paragraphs 20 through 24 and incorporates them by reference.

49.    Plaintiff requested agency records with FOIPA request 1388088-000.

50.     DOJ-OIP failed to make a determination of FOIPA appeal DOJ-AP-2018-001315

concerning FOIPA request no. 1388088-000.

51.     That appeal challenged the adequacy of the search performed for the records

requested by FOIPA request no. 1388088-000.

52.     FOIPA request no. 1388088-000 "requested[ed] a Central Records System search

of all main file records and indices; cross-reference search of all records and indices; and

an electronic surveillance search for access to and copies of any and all information

gathered during years 1948 through 1974 on the Sahara gambling casino, Las Vegas, and

in particular two individuals who worked there and may have been the subject of FBI

investigations: Del E. Webb (May 17, 1899-July 4, 1974) and Jack Wybrant Durant (b.

Sept. 25, 1909, d. Dec. 19, 1984).

53.     Upon information and belief, because the records requested were old (1948-

1974), a more time-consuming manual search would have been necessary to reasonably

search the records than could have or would have been produced in a 4-day timeframe in

light of the FBI's existing backlog of other FOIA requests.

## PRAYER FOR RELIEF

Plaintiff requests the following relief against DOJ, in addition to that relief sought

in the original Complaint:

1.     A judgment declaring that DOJ's failure to timely make any determination on the

requested records was unlawful;

2.     A judgment declaring that DOJ's failure to produce any records responsive to the

FOIPA requests was unlawful;

3.     Injunctive relief compelling DOJ to promptly produce the requested material;

4.      Injunctive relief compelling DOJ to perform a reasonable search for the requested

material; and

5.      All attorney's fees and costs incurred by him in connection with these

proceedings as provided by 5 U.S.C. § 552(a)(4)(E).

<div style="margin-left: 40%;">

Respectfully submitted,

*/s/ Joanna J. Cline*
Joanna J. Cline (DE Bar No. 5873)
Christopher B. Chuff (DE Bar No. 5729)
TROUTMAN PEPPER LLP
1313 N. Market Street, P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500
joanna.cline@troutman.com
chris.chuff@trotuman.com

-and-

*/s/ Tuan Samahon*
Tuan Samahon
Britain R. Henry
GOLDSTEIN LAW PARTNERS, LLC
11 Church Rd.
Hatfield, PA 19440
(610) 949-0444
tsamahon@goldsteinlp.com
bhenry@goldsteinlp.com

</div>

Date: August 10, 2020                    *Attorneys for Plaintiff William McMichael*