IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WILLIAM McMICHAEL,

          Plaintiff,

  v.

U.S. DEPARTMENT OF JUSTICE,

          Defendant.

Civil Action No. 18-997 VAC-CJB

~~Case No. _____~~

~~COMPLAINT~~

**SUPPLEMENTAL COMPLAINT**

Plaintiff William McMichael~~,~~ ("Plaintiff"), by and through his undersigned counsel, brings this ~~action~~Supplemental Complaint against the ~~United States~~U.S. Department of Justice (~~the~~ "DOJ"), and ~~alleges as follows~~now pleads three additional claims under the Freedom of Information Act (FOIA):

~~PRELIMINARY STATEMENT~~

**PRELIMINARY STATEMENT**

1.~~-~~     This is ~~an~~a civil action under ~~the Freedom of Information Act~~FOIA, 5 U.S.C. § 552 ~~("FOIA")~~, for injunctive and other appropriate relief, seeking the disclosure and release of agency records about the investigation of the theft and subsequent laundering of the crown jewels of the Royal Family of Hesse, Germany by U.S. servicemen.~~-~~ The DOJ and its component, the Federal Bureau of Investigation ("FBI") (collectively, "Defendant"), improperly withheld these records from author and journalist William McMichael ("Plaintiff").~~-~~ The FBI repeatedly violated FOIA when, in response to

1

Plaintiff's FOIA requests, it either failed to make a timely determination of his FOIA requests or ~~notify him of any administrative right to appeal~~failed to conduct an adequate search for the records, thereby improperly withholding agency records to which he was entitled. Accordingly, the FBI has failed to comply with ~~the~~ FOIA.

## ~~PARTIES~~

## PARTIES

2. Plaintiff is a researcher, journalist, and book author who resides in New Castle, Delaware, in the judicial district embraced by the U.S. District Court for the District of Delaware. His prior work includes the book, *The Mother of All Hooks: The Story of the U.S. Navy's Tailhook Scandal*, as well as many news stories on state and federal civil and military court criminal justice matters written as a member of the Press for the Tribune Company; Gannett Co. newspapers, including The News Journal of Wilmington, Delaware; the ABA Journal of the American Bar Association; the Associated Press (AP); the Chicago Tribune; and the Boston Globe.

3. The Defendant is a department of the executive branch of the United States Government, and includes the component entit~~y~~ies the FBI and OIP. The Defendant is an "agency" within the meaning of 5 U.S.C. § 552(f).

## ~~JURISDICTION AND VENUE~~JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action under the general federal question statute, 28 U.S.C. § 1331.

5. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## ~~TIMELY COMMENCEMENT OF CIVIL ACTION~~

## TIMELY COMMENCEMENT OF CIVIL ACTION

6.- Plaintiff timely pursues his claims in this civil action within the six-year statute of limitations. 28 U.S.C. § 2401(a).

## ~~STATUTORY BACKGROUND~~STATUTORY BACKGROUND

7.- FOIA encourages an informed citizenry by authorizing access to federal agency records.

8.- Once a FOIA request for records has been made, an agency has twenty (20) working days to determine whether to comply with the request.- 5 U.S.C. § 552(a)(6)(A)(i).

9.- If the agency decides not to disclose some or all documents requested, it must immediately notify the records requestor of the reasons for the denial and of the requester's right to appeal any adverse determination.– *Id.*

10. Only in "unusual circumstances" may an agency delay its response to a FOIA request, but such delay may not exceed an additional ten working days beyond the initial 20-day period.- 5 U.S.C. § 552(a)(6)(B).

11. "Unusual circumstances" exclude the need to process large numbers of requests, insufficient staff or funding, or the disorganization of records.

12. If the agency fails to comply with the time limits enumerated in 5 U.S.C. § 552(a)(6)(A)(i), FOIA deems the records requestor to have exhausted his administrative remedies.- 5 U.S.C. § 552(a)(6)(C)(i).

## ~~STATEMENT OF FACTS~~STATEMENT OF FACTS

### *FOIPA request 1442999-000 (Zollie Kelman)*

13. On July 26, 2019, the FBI acknowledged FOIPA request 1442999-000. *See* Ex. 1 (FBI's letter acknowledging receipt of the request).

14. This request was in support of Plaintiff's ongoing research into the FBI's handling of the investigation of the theft of the Hesse royal family's stolen jewels.

15. In the request, Plaintiff, who narrowed his search from prior requests, requested FBI records of its investigations of any illegal activities (including interstate fencing of stolen jewels or jewelry) by Zollie Kelman in the Minneapolis-St. Paul, Minnesota, Great Falls, Montana, or Seattle, Washington areas, during the years 1960-2008.

16. However, since the original Complaint's filing, the FBI has still not determined request 1442999-000, beyond its initial acknowledgment letter.

### FOIPA request 1454046-000 (Bugsy Siegel)

17. On December 4, 2019, Plaintiff properly filed a request seeking reprocessing of identified Bugsy Siegel records posted on the FBI's Vault, which referenced the 1945-46 theft of the Hesse crown jewels.

18. On December 11, 2019, the FBI acknowledged the request and designated it as FOIPA request 1454046-000. *See* Ex. 2 (FBI's letter acknowledging receipt of the request).

19. However, since the original Complaint's filing, the FBI has still not determined request 1454046-000, beyond its initial acknowledgment letter.

### FOIPA request 1388088-000 (Sahara casino, Webb, and Durant)

20. On October 27, 2017, Plaintiff requested a "Central Records System search of all main file records and indices; cross-reference search of all records and indices; and an electronic surveillance search for access to and copies of any and all information gathered during the years 1948 through 1974 on the Sahara gambling casino, Las Vegas, and in particular two individuals who worked there and may have been the subject of FBI

4

investigations: Del E. Webb (May 17, 1899-July 4, 1974) and Jack Wybrant Durant (b. Sept. 25, 1909, d. Dec. 19, 1984)."

~~13~~21.   On October ~~27~~31, 2017, ~~Plaintiff filed FOIA Request 1388114-000 (the "FOIA Request").  Generally, it requested the FBI's files related to the investigation of the theft and laundering of the Hesse crown jewels.~~ just four days later, the FBI indicated it had "completed its search for records responsive to your request" and that it was "unable to identify any file records responsive to your request." *See* Ex. 3 (FBI's letter acknowledging receipt of the request and issuing a "no records" response).

~~14.   On or about November 27, 2017, the FBI informed Plaintiff that they located approximately 7,250 pages of potentially responsive documents.~~

~~15.   After discussions with Defendant, Plaintiff agreed to sub-track the FOIA Request, which would allow the Defendant to produce documents in batches, the first of which contained 936 pages.~~

~~16.   On or about December 13, 2017, Defendant informed Plaintiff that the FOIA Request would be assigned for processing in "a couple of months."~~

~~17.   The Plaintiff agreed to this limited scope on the understanding that in return for agreeing to doing so, his request would be prioritized over normal requests of this size and that the Defendant would act more expeditiously.~~

~~18.   Upon a follow-up inquiry in February 2018, Plaintiff was informed by Defendant that the FOIA Request had still not been assigned and would likely not be processed until November 2018 at the earliest.~~

22.     Given the age of the records (1948-1974) requested, a more time-consuming manual search would have been necessary to search all main file records and indices; cross-reference searches of all records and indices; and electronic surveillance records.

23.     By letter received by the FBI on November 30, 2017, Plaintiff appealed the no records response to FOIPA request 1388088-000.

24.     The Office of Information Policy assigned the appeal number DOJ-AP-2018-001315, *see* Ex. 4 (OIP's letter acknowledging receipt of the request and issuing a "no records" response), but as of the date of this supplemental complaint has not informed Plaintiff of the appeal's outcome.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

25.     Plaintiff repeats paragraphs 1-24 and incorporates them here by reference.

26.     It has been more than twenty-business days since Plaintiff filed FOIPA request 1442999-000.

27.     It has been more than twenty-business days since Plaintiff filed FOIPA request 145046-000.

28.     It has been more than twenty-business days since Plaintiff appealed FOIPA request 1388088-000 with appeal DOJ-AP-2018-001315.

29.     The DOJ-FBI has still not determined FOIPA request no. 1442999-000.

30.     The DOJ-FBI has still not determined FOIPA request no. 145046-000.

31.     The DOJ-OIP has still not determined appeal DOJ-AP-2018-001315 concerning FOIPA request no. 1388088-000.

~~19~~32.   Plaintiff <u>has constructively</u> exhausted ~~his administrative remedies for the~~ FOI<u>P</u>A ~~R~~request<u>s</u> ~~when the FBI~~<u>1442999-000 and 145046-000, because DOJ</u> failed to comply with FOIA's 20-~~working~~ day time limit ~~provision.~~

33.   <u>Plaintiff has constructively exhausted its appeal DOJ-AP-2018-001315 of FOIPA request no. 1388088-000, because DOJ failed to comply with FOIA's 20-day time limit for deciding appeals.</u>

34.   <u>The FBI never extended its response deadline for the pending requests (up to ten business days) based on any "unusual circumstances" as FOIA permits. See</u> 5 U.S.C. § 552(a)(6)(~~C~~<u>B</u>)(i).

~~20.   As of the time of filing this complaint~~, *the FBI has still* ~~not assigned the FOIA Request or provided the records requested by Plaintiff.~~

~~21~~35.   The FBI ~~has wrongfully withheld the requested records from Plaintiff~~<u>never gave Plaintiff any written notice indicating that it was extending the response deadlines or provided any notice of unusual circumstances for an extension</u>.

~~**CLAIM FOR RELIEF**~~

36.   <u>Because the FBI failed to timely determine his requests or assert bases for extension in which to make a determination, Plaintiff is not required to exhaust administrative appeals on requests 1442999-000 and 145046-000.</u>

37.   <u>Similarly, because the FBI failed to timely determine his appeal DOJ-AP-2018-001315, Plaintiff is not required to wait for OIP to decide the appeal before filing suit.</u>

**<u>CLAIM FOR RELIEF</u>**

~~**COUNT**~~**<u>COUNT</u> I**

**FBI ~~—~~ Violation of FOIA (~~Improper Withholding of Agency Records~~Untimely Response to FOIPA Request 1442999-000)**

~~22~~38.   Plaintiff ~~restates~~repeats paragraphs 13 through 16 and incorporates them by reference ~~the allegations set forth in paragraphs 1-21 above as if fully repeated here~~.

~~23~~39.   ~~The FBI is an executive branch "~~Plaintiff requested agency~~"~~ records with~~in the meaning of~~ FOIPA request 1442999-000.

~~24~~40.   The FBI ~~investigation records related to the theft of the Hesse Crown Jewels are "agency records" within the meaning of FOIA~~failed to make a determination of FOIPA request 1442999-000 within twenty-business days, 5 U.S.C. §552(a)(6)(A)(i).

41.   The FBI's failure to determine FOIPA request 1442999-000 has resulted in the withholding of potentially responsive records without any stated basis for withholding.

42.   The FBI irreparably harms Plaintiff, an author attempting to publish a book, by failing to timely produce the requested material and will continue to irreparably harm him, unless it is compelled to comply with FOIA.

**COUNT II**

**FBI Violation of FOIA (Untimely Response to FOIPA Request 1454046-000)**

~~25~~43.   ~~The investigation files are in the FBI's possession or custody and control~~Plaintiff repeats paragraphs 17 through 19 and incorporates them by reference.

~~26~~44.   ~~The FBI has improperly withheld the responsive records from~~ Plaintiff requested agency records with FOIPA request 1454046-000.

~~27.   The FBI has violated FOIA by failing to disclose records responsive to Plaintiff's FOIA Request, to which Plaintiff is statutorily entitled, within the statutory time period for the processing of this request.~~

~~28~~45.	The FBI ~~has not claimed any applicable FOIA exemption entitles it to categorically withhold the records.~~ failed to make a determination of FOIPA request 1454046-000 within twenty-business days, 5 U.S.C. §-552(~~b~~a)(6)(A)(i).

~~29.	The Plaintiff has exhausted his administrative remedies and is therefore entitled to an injunction requiring disclosure of the records requested without payment of fees.~~

46.	The FBI's failure to determine FOIPA request 1454046-000 has resulted in the withholding of potentially responsive records without any stated basis for withholding.

47.	The FBI irreparably harms Plaintiff, an author attempting to publish a book, by failing to produce the requested material and will continue to irreparably harm him, unless it is compelled to comply with FOIA.

**~~PRAYER FOR RELIEF~~COUNT III**

~~WHEREFORE, Plaintiff respectfully requests that this Court enter its order and judgment:~~

~~A.	Enjoining and declaring unlawful the FBI's continued withholding of agency records requested under FOIA Request 1388114-000 through the FBI's strategy of untimely responses, failures to notify of administrative rights to appeals, and generally unending delay;~~

~~B.	Ordering the FBI to promptly produce to Plaintiff all responsive documents to the FOIA Request regarding the FBI's~~ investigation ~~of the theft of the Hesse Crown Jewels, with the waiver of any fees associated with plaintiff's FOIA requests;~~

9

**FBI Violation of FOIA (Failure to Conduct a Reasonable Search for FOIPA Request 1454046-000)**

48.     Plaintiff repeats paragraphs 20 through 24 and incorporates them by reference.

49.     Plaintiff requested agency records with FOIPA request 1388088-000.

50.     DOJ-OIP failed to make a determination of FOIPA appeal DOJ-AP-2018-001315 concerning FOIPA request no. 1388088-000.

51.     That appeal challenged the adequacy of the search performed for the records requested by FOIPA request no. 1388088-000.

52.     FOIPA request no. 1388088-000 "requested[ed] a Central Records System search of all main file records and indices; cross-reference search of all records and indices; and an electronic surveillance search for access to and copies of any and all information gathered during years 1948 through 1974 on the Sahara gambling casino, Las Vegas, and in particular two individuals who worked there and may have been the subject of FBI investigations: Del E. Webb (May 17, 1899-July 4, 1974) and Jack Wybrant Durant (b. Sept. 25, 1909, d. Dec. 19, 1984).

53.     Upon information and belief, because the records requested were old (1948-1974), a more time-consuming manual search would have been necessary to reasonably search the records than could have or would have been produced in a 4-day timeframe in light of the FBI's existing backlog of other FOIA requests.

**PRAYER FOR RELIEF**

Plaintiff requests the following relief against DOJ, in addition to that relief sought in the original Complaint:

1.A judgment declaring that DOJ's failure to timely make any determination on the requested records was unlawful;

2.A judgment declaring that DOJ's failure to produce any records responsive to the FOIPA requests was unlawful;

3.Injunctive relief compelling DOJ to promptly produce the requested material;

4.Injunctive relief compelling DOJ to perform a reasonable search for the requested material; and

~~C~~5.~~Granting Plaintiff~~All attorney's fees and costs incurred by ~~Plaintiff~~him in connection with ~~this~~these proceeding~~s~~ as provided by ~~the FOIA fee award provision,~~ 5 U.S.C. § 552(a)(4)(E)~~; and~~.

~~D.Granting such other and further relief as this Court deems just and proper.~~

~~Respectfully submitted,~~

~~/s/ Joanna J. Cline~~
~~Joanna J. Cline (DE Bar No. 5873)~~
~~Christopher B. Chuff (DE Bar No. 5729)~~
~~Ellis E. Herington (DE Bar No. 6489)~~
~~PEPPER HAMILTON LLP~~
~~1313 N. Market Street, P.O. Box 1709~~
~~Wilmington, DE 19899-1709~~
~~(302) 777-6500~~
~~clinej@pepperlaw.com~~
~~chuffc@pepperlaw.com~~
~~heringtone@pepperlaw.com~~

~~Date: July 3, 2018~~~~Attorneys for Plaintiff William McMichael~~

Respectfully submitted,

/s/ Joanna J. Cline
Joanna J. Cline (DE Bar No. 5873)
Christopher B. Chuff (DE Bar No. 5729)
TROUTMAN PEPPER LLP
1313 N. Market Street, P.O. Box 1709

11

|  |  |
|---|---|
|  | Wilmington, DE 19899-1709 <br> (302) 777-6500 <br> joanna.cline@troutman.com <br> chris.chuff@trotuman.com <br><br> -and- <br><br> */s/ Tuan Samahon* <br> Tuan Samahon <br> Britain R. Henry <br> GOLDSTEIN LAW PARTNERS, LLC <br> 11 Church Rd. <br> Hatfield, PA 19440 <br> (610) 949-0444 <br> tsamahon@goldsteinlp.com <br> bhenry@goldsteinlp.com |
| Date: August 10, 2020 | *Attorneys for Plaintiff William McMichael* |

12

| Summary report: Litéra® Change-Pro TDC 10.0.0.42 Document comparison done on 8/10/2020 11:28:10 AM ||
|---|---|
| **Style name:** PH Standard ||
| **Intelligent Table Comparison:** Active ||
| **Original filename:** Complaint.DOCX ||
| **Modified filename:** Supplemental Complaint (ELW revisions).DOCX ||
| **Changes:** ||
| Add | 138 |
| Delete | 100 |
| Move From | 3 |
| Move To | 3 |
| Table Insert | 0 |
| Table Delete | 1 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 245 |